

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:17-CR-153-TH-7 |
| | § | 1-3, 5, 6, 8, 10 |
| INES RUBIO-VILLEGAS | § | |

# AMENDED ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE

Before the Court is *Defendant Ines Rubio Villegas's Unopposed Motion for Continuance* [Clerk's Docket No. 144] filed on June 12, 2018. Having considered the motion, and taking into account that the government is not opposed to the motion, the Court is of the opinion that the motion should be granted.

## BACKGROUND & FINDINGS

Defendant Ines Rubio-Villegas was indicted on December 6, 2017 and arraigned February 26, 2018. Counsel for the defendant has represented to this Court that he has had inadequate time to effectively prepare the case for trial taking into account the voluminous amount of discovery involved.

The Court **FINDS** that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant to a speedy trial. In order for the period of delay attributable to this continuance to be excluded from the computation of time within which the trial must commence pursuant to the SPEEDY TRIAL ACT, it is incumbent upon the Court to set forth the factors taken into consideration in reaching the ends-of-justice conclusion. *See* 18 U.S.C. § 3161 (h)(8)(A); *see also Zedner v. United States,* 126 S. Ct. 1976, 1988-1991 (2006).

The Court **CONSIDERED** the following factors in reaching the ends-of-justice conclusion:

(1)   failure to grant a continuance would result in a miscarriage of justice (18 U.S.C.

        § 3161 (h)(8)(B)(i)); and

(2)    failure to grant a continuance would deny counsel for the defense reasonable time necessary to effectively prepare the case for trial, taking into account the exercise of due diligence (18 U.S.C. § 3161 (h)(8)(B)(iv)).

Although the continuance was filed by defendant Ines Rubio-Villegas, this order has the effect of resetting the trial of the other defendants identified by number above as well. The period of delay resulting from an ends-of-justice continuance granted as to one defendant tolls the SPEEDY TRIAL ACT with respect to all co-defendants. *See United States v. Westbrook*, 119 F.3d 1176, 1186 (5th Cir. 1997). "[T]he excludable delay incurred as a result of one co-defendant's motion practice applies to the speedy trial computation of all co-defendants." *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998).

## ORDER

**IT IS THEREFORE ORDERED** that *Defendant Ines Rubio Villegas's Unopposed Motion for Continuance* [Clerk's Docket No. 144] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **RESET** for trial on July 16, 2018.

**IT IS FURTHER ORDERED** that the period of delay resulting from the continuance of the trial date shall be **EXCLUDED** from the computation of time within which the trial of all defendants must commence pursuant to the SPEEDY TRIAL ACT.

**SO ORDERED.**

**SIGNED** this the **20** day of **June, 2018.**

_____
Thad Heartfield
United States District Judge