IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | 1:17CR153(1) |
| v. | § | Judge Thad Heartfield |
| | § | |
| ALVARO ROMERO (1) | § | |
| | § | |

## FACTUAL BASIS AND STIPULATION

The United States of America, presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant, **Alvaro Romero** and the defendant's attorney **Gerardo S. Montalvo**, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Counts One and Two of the indictment, and in support thereof, would show the following:

1. That the defendant hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to:

   - Count One of the indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to possess with the intent to distribute a Schedule II controlled substance, namely 5 kilograms or more cocaine HCL;

   - Count Two of the indictment, which charges a violation of 18 U.S.C. § 1956(h), conspiracy to launder monetary instruments;

2. That the defendant, who is pleading guilty to such indictment, is one and the same

**Factual Basis and Stipulation – Page 1**

person charged in the indictment.

3. That the events described in the indictment occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the indictment; specifically, the government would have proven the following stipulated facts:

   a. In December 2013, DEA Galveston Resident Office agents established a Cooperating Source ("CS1") who provided information into the drug trafficking activities of **Alvaro Romero**. CS1 advised that **Romero** obtained narcotics from a source in the Rio Grande Valley, had them transported to the Houston area, and then distributed them through the Eastern District of Texas to Lake Charles, Louisiana, and other locations further east. He placed the proceeds from the sales of these narcotics into the financial system in order to conceal their nature.

   b. CS1 advised that before becoming a CS, he/she had purchased approximately two hundred and fifty (250) pounds of marijuana and eight (8) kilograms of cocaine from **Romero**.

   c. On January 8, 2014, agents did a buy walk for three pounds of marijuana using the CS1. **Romero** sold the CS1 three pounds of marijuana for $1,500. **Romero** also told the CS1 that he had sold six kilograms of cocaine that week. The transaction happened at **Romero's** stash house at 558 Dale Street, Houston, Texas 77060.

   d. On January 23, 2014, agents did a second buy walk with CS1 and **Romero** for an additional three (3) pounds of marijuana for $1,500.

   e. On January 25, 2014, **Romero** contacted the CS1 and said he would be traveling south to bring back cocaine. On January 28, 2014, **Romero** contacted CS1 and said he had picked up five kilograms of cocaine.

f. Based on these calls, Title III interceptions began. The phones of the following individuals were intercepted beginning at the following times.

| Date Started | Individual(s)' Phone(s) |
|---|---|
| February 14, 2014 | **Alvaro Romero** |
| March 5, 2014 | Miguel Rodriguez |
| March 21, 2014 | **Alvaro Romero**, Arturo Elizondo |
| April 22, 2014 | **Alvaro Romero**, Arturo Elizondo |
| May 14, 2014 | Jose Rubio |
| July 2, 2014 | Ricardo Aviles |
| August 8, 2014 | Ricardo Aviles |

g. During the course of the wire interceptions, **Romero** was involved with the following drug amounts during the following sessions:

| Date | Phone | Session(s) | Amount |
|---|---|---|---|
| February 14, 2014 | 281-889-4897 | 84, 94, 193, 237, 471, 508 | 10 kilograms cocaine HCL |
| February 16, 2014 | 281-889-4897 | 564, 558, 697 | 198.44 grams cocaine HCL |
| February 18, 2014 | 281-889-4897 | 840, 1050, 1057 | 31.75 kilograms marijuana |
| February 19, 2014 | 281-889-4897 | 1353, 1354, 1364, 1370, 1372, 1376, 1411 | 27.21 kilogram marijuana |
| February 20, 2014 | 281-889-4897 | 1417, 1492, 1493, 1497, 1501, 1513, 1629, 1646 | 35.83 kilograms marijuana |
| February 22, 2014 | 281-889-4897 | 2225, 2258, 2297 | 34.02 kilograms marijuana |
| February 23, 2014 | 281-889-4897 | 2625, 2631, 2658, 2818 | 6 kilograms cocaine HCL |
| February 25, 2014 | 281-889-4897 | 3062, 3080, 3092, 3108, 3136 | 18 ounces cocaine HCL |
| February 25, 2014 | 281-889-4897 | 3066, 3092, 3128, 3131, 3135 | 39.00 kilograms marijuana |
| March 3, 2014 | 281-889-4897 | 4802, 4813, 4820, | 6.80 kilograms marijuana |

**Factual Basis and Stipulation – Page 3**

| March 4, 2014 | 281-889-4897 | 5039, 5040 | 28.9 kilograms marijuana |
| March 7, 2014 | 281-889-4897 | 5463 | 37.25 kilograms marijuana |
| March 7, 2014 | 281-889-4897 | 5467, 5472, 5483 | 42.52 grams cocaine HCL |
| March 10, 2014 | 281-889-4897 | 5592, 5606, 5607, 5609, 5610, 5613 | 9.97 kilograms marijuana |
| March 13, 2014 | 281-889-4897 | 5813 | 28.34 grams cocaine HCL |
| April 24, 2014 | 409-273-1101 | 105, 119, 143 | 9.07 kilograms marijuana |
| April 25, 2014 | 409-273-1101 | 185 | 22.67 kilograms marijuana |
| April 25, 2014 | 409-273-1101 | 213, 460 | 500 grams cocaine HCL |
| April 29, 2014 | 409-273-1101 | 412, 418, 425, 460, 475 | 10.88 kilograms marijuana |
| May 19, 2014 | 832-987-6066 | 1322, 1450, 1578, 2009, 2059, 2069, 2177 | 7.12 kilograms methamphetamine actual |

   h. A second CS (CS2) identified Renard Smith as a multi-kilogram distributor of cocaine HCL and marijuana in Galveston, Texas. Toll analysis showed that Smith was a high frequency contact of **Romero**. Intercepted calls indicated that he received multi-kilos of cocaine and marijuana. Intercepted calls over **Romero's** phone revealed that Smith purchased six (6) kilograms of cocaine and 265 pounds of marijuana from **Romero**.

   i. Based on the wire interceptions agents made the following seizures:

| Date | Location | Co-conspirator(s) | Contraband |
|---|---|---|---|
| February 25, 2014 | **Beaumont, TX** | Courier 1<br>**Romero**<br>Elizondo | 0.5 kg cocaine |
| March 2, 2014 | Kingsville, TX | Courier 2<br>Courier 3<br>**Romero**<br>Alonso | 2.18 kg cocaine<br>6.54 kg methamphetamine actual |

Factual Basis and Stipulation – Page 4

|  |  | Rodriguez |  |
|---|---|---|---|
| April 17, 2014 | Friendswood, TX | FNU LNU Alonso | 2 ounces methamphetamine actual |
| May 26, 20014 | Sarita, TX | Lopez **Romero** Rodriguez | **7.12 kgs cocaine HCL agreed to be transported but 7.12 kgs methamphetamine actual seized |
| June 6, 2014 | West Houston, TX | Jose Rubio Ines Rubio Aviles Worrell | 15 kg cocaine HCL discussed 10 kg seized |
| June 10, 2014 | Houston TX | Jose Rubio Worrell | (SW of Jose Rubio's home) 1 assault rifle 2 handguns Body armor Note from Worrell about June 6 event |
| July 10, 2014 | Kingsville, TX | Courier 4 Alonso | 2.4 kg cocaine HCL |

** **Cynthia Lopez** and **Alvaro Romero** believed they were arranging transportation of cocaine HCL in this instance. **Miguel Rodriguez** actually caused to be placed methamphetamine actual into the vehicle, but neither **Romero** nor **Lopez** were aware the substance was methamphetamine actual. Police seized the methamphetamine during a traffic stop of **Lopez's** vehicle.

    j. Through the course of the conspiracy, **Romero** was personally responsible for distributing and agreeing to distribute 30.145 kilograms of cocaine HCL, and 295.98 kilograms of marijuana.

    k. Through the course of the conspiracy, **Romero** agreed to, aided and abetted, and placed the proceeds from the cocaine HCL, methamphetamine actual, and marijuana sales into a financial institution. He did this to conceal the source of the illegal narcotics proceeds.

### DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5.     I have read this factual basis and stipulation and indictment or have had them read

to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that the United States can prove each of these acts and that it accurately describes the events about my acts and the events as recited as I know them.

Dated: 7/24/2018

_____
ALVARO ROMERO
Defendant

### DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment and have reviewed them with my client, **Alvaro Romero**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 7/24/2018

_____
GERARDO S. MONTALVO
Attorney for the Defendant

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
CHRISTOPHER RAPP
Assistant United States Attorney

Factual Basis and Stipulation – Page 6

Eastern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 Fax
Arizona Bar No. 025704