Sealed

Public and unofficial staff access
to this instrument are
prohibited by court order.

United States District Court
Southern District of Texas
FILED

JUL 1 7 2014

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

IN THE MATTER OF THE §
APPLICATION OF THE UNITED §
STATES OF AMERICA FOR AN §
ORDER AUTHORIZING THE §
INTERCEPTION OF WIRE AND §
ELECTRONIC COMMUNICATIONS §
TO AND FROM CELLULAR §
TELEPHONE NUMBER §
(832) 594-5397 WITH ELECTRONIC §
SERIAL NUMBER (ESN) §
268435462503291316 §

MISC. NO. H-14-1718

(UNDER SEAL)

## APPLICATION FOR AN ORDER AUTHORIZING THE
## INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS

The United States of America, by and through its United States Attorney for the

Southern District of Texas, Kenneth Magidson, through the undersigned Special Assistant

United States Attorney for the Southern District of Texas, Baylor Wortham, and being duly

sworn states:

I.

I am an "investigative or law enforcement officer of the United States" within the

meaning of 18 U.S.C. § 2510(7), that is, an attorney authorized by law to prosecute or

participate in the prosecution of offenses enumerated in 18 U.S.C. § 2516.

II.

Pursuant to 18 U.S.C. § 2516, the Attorney General of the United States has

specially designated the Assistant Attorney General, any Acting Assistant Attorney

General, any Deputy Assistant Attorney General or any acting Deputy Assistant Attorney

General of the Criminal Division to exercise the power conferred on the Attorney General

Application-Page 1


GOVERNMENT
EXHIBIT
G

by 18 U.S.C. § 2516, to authorize this Application.  Under the power designated to him by special designation of the Attorney General pursuant to Order Number 3005-2009 of February 26, 2009, an appropriate official of the Criminal Division has authorized this application.  Attached to this application (as Exhibit A) and incorporated by reference herein, are copies of the Attorney General's order of special designation and the Memorandum of Authorization approving this application.

III.

This application seeks authorization to intercept the wire and electronic communications of **Lauro Ali PEÑA a/k/a "Sobrino"; Miguel Gerardo RODRIGUEZ a/k/a "Chato"; Valerio CELEDON-Zapata; Arturo LNU; Alvaro ROMERO a/k/a "Varo"; Cynthia LOPEZ; Renard Dewayne SMITH a/k/a "Galveston" a/k/a "G-Town"; Luisa GARCIA; Jose Alfredo SALINAS a/k/a "Fred"; Cesar GARCIA; Arturo ELIZONDO; Andre GOINS a/k/a "Fat Rat"; Jose CASTILLO; Eddie ROBINSON; JR Garcia a/k/a "Junior"; George Enrique VARGAS a/k/a "Kike"; Gabriel VARGAS a/k/a "Gabby"; Johnathan NORWOOD a/k/a "Snoop"; Jose RUBIO-Villegas a/k/a "Scrappy"; Dan LNU a/k/a "Dan the Man"; Juan LNU, a/k/a "Juanillo"; Rob LNU; Lee GOMEZ; Edgar Alejandro ONTIVEROS-Guerra; Alexander ALONSO-Mascorro a/k/a "Guero"; Romeo LNU; Luis Carlos VILLARREAL; Ines RUBIO; Ricardo AVILES a/k/a "Cerillo";** and **FNU LNU, a/k/a "Churro";** (hereinafter, collectively, referred to as "**Target Subjects**"), and others yet unknown, concerning offenses enumerated in 18 U.S.C. § 2516, that being: the illegal receiving, possessing, concealment, importation, buying, selling or otherwise dealing in

Application-Page 2

controlled substances, conspiracy to do the same, and use of communication facilities to facilitate the above offenses in violation of 21 U.S.C. §§ 841, 846, 843(b), 952, 960, 963; and money laundering and conspiracy to do the same and engaging in unlawful monetary transactions, in violation of 18 U.S.C. §§ 1956 (a), 1956 (h) and 1957.[1]

Specifically, there is probable cause to believe that these **Target Subjects**, and others yet unknown, will utilize Sprint cellular telephone (832) 594-5397,   ESN[2] 268435462503291316 (hereinafter referred to as the "**Target Device**"), and according to Sprint, is a prepaid phone subscribed to Carlos Martinez with no provided address, during the period of interception applied for herewith, in furtherance of, in connection with, to facilitate, to accomplish and to commit the above-enumerated offenses.

IV.

I have discussed all the circumstances of the above offenses with Task Force Officer James Emmerson of the Drug Enforcement Administration ("DEA"), presently serving in the Galveston Resident Office, who has directed and conducted the investigation herein, and have examined the Affidavit of Task Force Officer James Emmerson.  Wherefore your applicant states upon information and belief that:

a)      There is probable cause to believe that the **Target Subjects** and others yet unknown, are committing, and will continue to commit the above described offenses;

b)      There is probable cause to believe that particular wire and electronic communications of the **Target Subjects**, and others yet unknown,

---

1       Affiant believes probable cause exists that information will be received concerning the Target Subjects aiding and abetting the offenses described above, in violation of 18 U.S.C. § 2.

2       The Target Device is identified by means of an ESN.  Each ESN is unique to that subscribers account.
**Application-Page 3**

concerning the above-mentioned offenses will be obtained through the interception for which authorization is applied herein. In particular, these wire and electronic communications are expected to concern the commission of the above-named offenses by the **Target Subjects**, and others yet unknown, including the arrangement, negotiations, purchase, and sale of Cocaine, Methamphetamine, and/or Marijuana, by the above-named individuals and others yet unknown; the transportation and stockpiling of drug proceeds; the identities and locations of those persons supplying Cocaine, Methamphetamine, and/or Marijuana, to the above-named individuals and others yet unknown; purchasing Cocaine, Methamphetamine, and/or Marijuana, from the above-named individuals and others yet unknown; and the full nature and scope of the conspiracy therein. Said conversations will further concern, among other things, the dates, times, places, schemes and methods for the possession and distribution of controlled substances; the manner and means of delivering the controlled substances, the proceeds generated by the sale of such substances and the transportation, delivery, and distribution of such proceeds; the identity of the participants in said illegal activities; and nature and scope of said illegal activities. In addition, the communications are expected to constitute admissible evidence of the commission of the above-mentioned offenses;

c)      The attached Affidavit, which is incorporated herein by reference, contains a full and complete statement explaining why normal investigative

procedures have been tried and have failed or reasonably appear unlikely to succeed if tried or are too dangerous to employ;

d)  There is probable cause to believe that the **Target Device** has been, and will continue to be used by the "**Target Subjects**" and others yet unknown in the above described offenses; and

e)  The attached Affidavit contains a full and complete statement of facts concerning all previous applications to any judge of competent jurisdiction for authorization to intercept, or for approval of interception of wire and electronic communications involving any of the same persons, facilities, or places specified in this application.

V.

On the basis of the allegations contained in this application the affidavit of DEA Task Force Officer James Emmerson, your applicant requests this Court issue an Order, pursuant to the power conferred on it by 18 U.S.C. § 2518, authorizing DEA, other authorized law enforcement officers, and any individual operating under contract with the government, acting under authorized supervision pursuant to 18 U.S.C. § 2518(5) to intercept wire and electronic communications to and from the **Target Device**, providing that said interception not automatically terminate after the first interception that reveals the manner in which these persons and others unknown conduct their illegal activities, but continue until communications are intercepted which fully reveal the manner, means, and details of the alleged schemes which have been used by the "**Target Subjects**" and others yet unknown to commit the aforesaid offenses and which will fully reveal the identities of their confederates, their places of operation, and nature of the conspiracy involved therein,

**Application-Page 5**

for a period not to exceed thirty (30) days beginning at the date of this Court's order, or ten (10) days from the date of this Court's order for the **Target Device**. The authorization given is intended to apply not only to the target telephone numbers listed above, but also to any other telephone numbers subsequently assigned to or used by the instruments bearing the same electronic serial numbers used by the target telephones, within the thirty (30) day period. The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

**IT IS FURTHER REQUESTED** that this Court issue an Order pursuant to 18 U.S.C. § 2518, to Sprint, an electronic communications service provider, as defined in 18 U.S.C. § 2510(15), directing that it furnish the applicant forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such providers are according the persons whose communications are to be intercepted; the reasonable expenses incurred through the furnishing of such facilities or technical assistance by Sprint, are to be compensated for by DEA.

**IT IS FURTHER REQUESTED**, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), 2703(d), and 3121-3124 because there are reasonable grounds to believe that such information is relevant and material to an ongoing criminal investigation, that AT&T, Sprint/Nextel Communications, Boost Mobile, AT&T Wireless, T-Mobile USA, Inc., Cellco Partners dba Verizon Wireless, Cingular Wireless, Voicestream Wireless, Sprint

Spectrum Telephone Company (SPRINT), Southwestern Bell Telephone Company, General Telephone Equipment Company (GTE), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon Wireless, Verizon of Texas, Cellco Partnership DBA Verizon Wireless, Cricket Wireless, Vonage Wireless, Alltel Telephone Company and any other person or entity providing electronic communications service in the United States whose assistance may facilitate the execution of the order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire and electronic communications service or remote computing service, for published, non published, or unlisted dialing, routing, addressing, or signaling information captured during the wire and electronic interception on the **Target Device** upon oral or written demand by agents of DEA and also be ordered to disclose the location of cell site/sector (physical address) at call origination (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for the **Target Device**.

**IT IS FURTHER REQUESTED**, pursuant to Federal Rule of Criminal Procedure 41, that the Court issue an Order directing Sprint to assist agents of the Drug Enforcement Administration by providing all information, facilities and technical assistance needed to

Application-Page 7

ascertain the physical location of the **Target Device**, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) the **Target Device** (the "Requested Location Information"),[3] for a period of thirty (30) days.

As explained in more detail in the Affidavit, there is probable cause to believe that the location of the **Target Device** at times determined by investigators will constitute or lead to evidence of the **Subject Offenses**.

In light of the above, the government requests that this Court direct Sprint to disclose the Requested Location Information concerning the **Target Device**, and to initiate a signal to determine the location of the **Target Device** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the **Target Device**, at any time of day or night, owing to the potential need to locate the **Target Device** outside of daytime hours.

**IT IS FURTHER REQUESTED**, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize delay of notice of the acquisition of the Requested Location Information until such time as the inventory required

---

[3] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the Target Device at the start and end of any call.  In requesting cell site information, the Government does not concede that such cell site records + routinely retained by wireless carriers as business records + may only be obtained via a warrant issued on probable cause.  See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.).

under 18 U.S.C. § 2518(8)(d) is served.

**IT IS FURTHER REQUESTED** that this Court issue an Order directing Sprint, and their agents and employees not to disclose or cause a disclosure of the contents of this Order, the request for information, facilities, or assistance, or the existence of this investigation to anyone other than those persons necessary to carry out the order until authorized to do so by the Court. In particular, said providers and their agents and employees should be ordered not to make such disclosure to any lessee, telephone subscriber, or any interceptee or participant in the intercepted communication.

**IT IS FURTHER REQUESTED** that the Order authorizing the interception of wire and electronic communications applies not only to the target telephone numbers listed above, but also to any other telephone numbers subsequently assigned to or used by the instruments bearing the same electronic serial numbers used by the other target telephones, within the thirty (30) day period. The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

**IT IS FURTHER REQUESTED** that based on the mobility of cellular telephones, in the event the target phones are used outside the territorial jurisdiction of this court, interceptions may continue in the Southern District of Texas where communications over the **Target Device** will first be heard, read, and minimized.

**IT IS FURTHER REQUESTED** that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further order of this court. The United States will advise the

court of the change of service provider in the periodic progress reports submitted to this court.

**IT IS FURTHER REQUESTED** that this Court direct that its Order be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code.  Monitoring of communications will terminate immediately if it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code.  Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the **Target Subjects** or any of their confederates, when identified, are participants in the conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature.  Spot monitoring of non-criminal conversations will be done to ensure that those conversations have not turned criminal in nature.  In the event conversations occur in a language other than English, it is expected that an expert or person otherwise fluent in that language will be available to monitor and to translate during the interception whenever possible.  In the event the translator/expert is not a federal agent, the translator, whether a language trained support employee or someone under contract with the Government, will be under the direct supervision of a federal agent.  If, however, such a translator is not reasonably available, the following after-the-fact minimization procedures have been

established pursuant to 18 U.S.C. § 2518 (5): (1) All such foreign language conversations will be intercepted and recorded in their entirety; and (2) As soon as practicable after such interception, these conversations will be minimized by a translator under the guidance of a federal agent.  Your Affiant believes this procedure, which provides for after-the-fact minimization where codes or foreign languages are used by the **Target Subjects**, and when there is no expert reasonably available to translate the conversation, complies with 18 U.S.C. § 2518(5), and its provisions for specialized minimization procedures, when intercepting foreign-language or coded conversations.  It is anticipated that some of the communications will be spoken in the foreign language.  Conversations will be minimized in accordance with Chapter 119 of Title 18, United States Code.  These interceptions will also be minimized when it is determined, through voice identification, physical surveillance or otherwise, that neither the **Target Subjects**, nor their associates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature.  Even if one or more associates, when identified, is a participant in the conversation, monitoring will be minimized if the conversation is not criminal in nature or otherwise related to the offenses under investigation.  It is understood that the agents will be permitted to spot check minimized conversations to determine whether the conversation has turned criminal in nature, and therefore, subject to interception.  Each text message will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal

Application-Page 11

in nature.   If the message is not criminal in nature, the message will be marked, "minimized," and not accessed by other members of the investigative team.  If the message appears to be privileged, it will be marked, "privileged," and secured from access by other members of the investigative team.   If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation.   If a text message is marked, "minimized," or, "privileged," it will not be disseminated to members of the investigative team.  All intercepted text messages will be sealed with the Court upon the expiration of the Court's Order authorizing the interception.  The interception of wire and electronic communications authorized by this Court's Order must terminate upon attainment of the authorized objectives or, in any event, for a period not to exceed thirty (30) days beginning either on the date when law enforcement authorities first commence interception, or ten (10) days from the date this Court's order is entered, whichever is earlier.

**IT IS FURTHER REQUESTED** that the Court order that either Special Assistant United States Attorney Baylor Wortham or any other Assistant United States Attorney familiar with the facts of this case provide to the Court a report on or about the sixteenth, and thirty-first days following the date of this Order showing what progress has been made toward achievement of the authorized objectives and the need for interception.  If any of the aforementioned reports should become due on a weekend or holiday.

**IT IS FURTHER REQUESTED** that such reports become due on the next business day thereafter.

Application-Page 12

**IT IS FURTHER REQUESTED** that the Court order that no inventory or return of the results of the foregoing wire and electronic interception be required to be made, other than the above-required reports, before ninety (90) days from the date of the expiration of this Court's Order, or any extension of the Order.

**IT IS FURTHER REQUESTED** that the Court order that, upon ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER REQUESTED** that the Court order that its orders, this application, and the accompanying affidavit and proposed Orders, and all interim reports filed with the Court with regard to this matter be sealed until further order of this Court, except that copies of the orders, in full or redacted form, may be served on DEA and the service provider as necessary to effectuate the Court's Order as set forth in the proposed orders accompanying this application.

I declare under penalty of perjury that the foregoing is true and correct.

BAYLOR WORTHAM
Special Assistant United States Attorney
Southern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 Fax
Texas Bar No. 24053561

SUBSCRIBED and SWORN to me this 17th day of July, 2014.

HON. VANESSA GILMORE
United States District Judge
Southern District of Texas

TRUE COPY I CERTIFY
ATTEST:



**U.S. Department of Justice**

Criminal Division

EXHIBIT

A

Washington, D.C.  20530

JUL 1 5 2014

**MEMORANDUM**

TO:       Monique Perez Roth, Director
             Office of Enforcement Operations
             Criminal Division

ATTN:     Baylor Wortham

FROM:    Leslie R. Caldwell
             Assistant Attorney General
             Criminal Division

SUBJECT: Authorization for Interception Order Application

    This is with regard to your recommendation that an appropriately designated official of the Criminal Division authorize an application to a federal judge of competent jurisdiction for an order under Title 18, United States Code, Section 2518, authorizing for a thirty (30) day period the interception of wire communications occurring to and from the cellular telephone bearing the number (832) 594-5397, subscribed to by Carlos Martinez, with no subscriber address, in connection with an investigation into possible violations of Title 21, United States Code, Sections 841, 843, 846, 952, 960, and 963; and Title 18, United States Code, Sections 2, 1956, and 1957, by Lauro Ali Pena, Miguel Gerardo Rodriguez, Valerio Celedon-Zapata, Arturo LNU, Alvaro Romero, Cynthia Lopez, Renard Dewayne Smith, Luisa Garcia, Jose Alfredo Salinas, Cesar Garcia, Arturo Elizondo, Andre Goins, Jose Castillo, Eddie Robinson, JR Garcia, George Enrique Vargas, Gabriel Vargas, Johnathan Norwood, Jose Rubio-Villegas, Dan LNU, Juan LNU, Rob LNU, Lee Gomez, Edgar Alejandro Ontiveros-Guerra, Alexander Alonso-Mascorro, Romeo LNU, Luis Carlos Villarreal, Ines Rubio, Ricardo Aviles, "Churro," and others as yet unknown.

By virtue of the authority vested in the Attorney General of the United States by Section 2516 of Title 18, United States Code, the Attorney General has by Order Number 3055-2009, dated February 26, 2009, designated specific officials in the Criminal Division to authorize applications for court orders authorizing the interception of wire or oral communications. As a duly designated official in the Criminal Division, this power is exercisable by the undersigned. WHEREFORE, acting under this delegated power, the appropriately designated official authorizes the above-described application to be made by any investigative or law enforcement officer of the United States as defined in Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number subsequently assigned to or used by the instrument bearing the same electronic serial number used by the target telephone, within the thirty-day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

Leslie R. Caldwell
Assistant Attorney General
Criminal Division

JUL 1 5 2014
Date

KENNETH A. BLANCO
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION



**U.S. Department of Justice**

Criminal Division

Washington, D.C.  20530

JUN 3 0 2014

The Honorable Kenneth Magidson
United States Attorney
Southern District of Texas
Houston, Texas

                Attention:    Baylor Wortham
                              Special Assistant United States Attorney

Dear Mr. Magidson:

    An appropriate official hereby approves an application to
be made to a federal judge of competent jurisdiction for an
order under Section 2518 of Title 18, United States Code,
authorizing for a thirty (30) day period the initial
interception of electronic communications occurring to and from
the cellular telephone bearing the number (832) 277-7590,
accessed through International Mobile Subscriber Identity
("IMSI") number 310260261752007, and subscribed to by Ricardo
Aviles, 3315 Auburn Street, Apt. 3, Houston, Texas, in
connection with an investigation into possible violations of
federal felonies by Ricardo Aviles, Jose Rubio-Villegas, Alvaro
Romero, Arturo Elizondo, Cynthia Lopez, Renard Smith, Luisa
Garcia, Jose Salinas, Cesar Garcia, Andre Goins, Jose Castillo,
Edward LNU, "Kike," "Lito," Johnathan Norwood, "Gino," "Tito,"
Dan LNU, Juan LNU, Rob LNU, Lee LNU, JR Garcia, Ines Rubio,
"Churro," and others as yet unknown.

The above-described application may be made by you or any other attorney on your staff who is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above, within the thirty day period.  The authorization is also intended to apply to the target telephone number referenced above regardless of service provider.

Sincerely,

_____
Leslie R. Caldwell
Assistant Attorney General
Criminal Division


JUN 3 0 2014
_____
Date


PAUL O'BRIEN
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

Public and unofficial staff access
to this instrument are
prohibited by court order.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE §<br>APPLICATION OF THE UNITED §<br>STATES OF AMERICA FOR AN §<br>ORDER AUTHORIZING THE §<br>INTERCEPTION OF WIRE AND §<br>ELECTRONIC COMMUNICATIONS §<br>TO AND FROM CELLULAR §<br>TELEPHONE NUMBER §<br>(832) 594-5397 WITH ELECTRONIC §<br>SERIAL NUMBER (ESN) §<br>268435462503291316 § | MISC. NO. H = 14 = 1718<br><br>(UNDER SEAL) |

### ORDER AUTHORIZING THE INTERCEPTION
### OF WIRE AND ELECTRONIC COMMUNICATIONS

Application under oath having been made before me by Special Assistant United States Attorney Baylor Wortham, an "investigative or law enforcement officer" as defined in 18 U.S.C. § 2510(7) for an Order authorizing the interception of wire and electronic communications pursuant to 18 U.S.C. § 2518, and full consideration having been given to the matter set forth therein, the Court finds:

(a)     There is probable cause to believe that **Lauro Ali PEÑA a/k/a "Sobrino"; Miguel Gerardo RODRIGUEZ a/k/a "Chato"; Valerio CELEDON-Zapata; Arturo LNU; Alvaro ROMERO a/k/a "Varo"; Cynthia LOPEZ; Renard Dewayne SMITH a/k/a "Galveston" a/k/a "G-Town"; Luisa GARCIA; Jose Alfredo SALINAS a/k/a "Fred"; Cesar GARCIA; Arturo ELIZONDO; Andre GOINS a/k/a "Fat Rat"; Jose CASTILLO; Eddie ROBINSON; JR Garcia a/k/a "Junior"; George Enrique**

Order-Page 1

**VARGAS a/k/a "Kike"; Gabriel VARGAS a/k/a "Gabby"; Johnathan NORWOOD a/k/a "Snoop"; Jose RUBIO-Villegas a/k/a "Scrappy"; Dan LNU a/k/a "Dan the Man"; Juan LNU, a/k/a "Juanillo"; Rob LNU; Lee GOMEZ; Edgar Alejandro ONTIVEROS-Guerra; Alexander ALONSO-Mascorro a/k/a "Guero"; Romeo LNU; Luis Carlos VILLARREAL; Ines RUBIO; Ricardo AVILES a/k/a "Cerillo";** and **FNU LNU, a/k/a "Churro";** (hereinafter, collectively, referred to as "**Target Subjects**") and others yet unknown, have committed, are committing, and will continue to commit offenses enumerated in 18 U.S.C. § 2516, namely, the illegal importing, possessing, receiving, concealing, distributing, buying, selling or otherwise dealing in controlled substances, namely Cocaine, Methamphetamine, and/or Marijuana, conspiracy to do the same, use of a communication facility to facilitate the above offenses in violation of 21 U.S.C. §§ 841, 846, 843 (b), 952, 960 and 963, money laundering and conspiracy to do the same in violation of 18 U.S.C. §§ 1956 (a), 1956 (h) and 1957[1], which offenses have been committed, are being committed, and will continue to be committed by the **Target Subjects** and others yet unknown.

(b)     There is probable cause to believe that the particular wire and electronic communications of the **Target Subjects** and others as yet unknown, concerning these offenses will be obtained through the interception for which authorization has herewith been applied.   In particular, these wire and electronic communications are expected to

---

[1]     Affiant believes probable cause exists that information will be received concerning the Target Subjects aiding and abetting the offenses described above, in violation of 18 U.S.C. § 2.

**Order-Page 2**

concern the above named offenses committed by the above **Target Subjects** and others yet unknown including:

1.    The arrangements, negotiations, purchase, manufacture and sale of Cocaine, Methamphetamine and/or Marijuana, by the above named individuals and others yet unknown;

2.    The transportation and stockpiling of drug proceeds;

3.    The identities and locations of those persons supplying Cocaine, Methamphetamine, and/or Marijuana, to the above named individuals and others yet unknown, purchasing Cocaine, Methamphetamine, and/or Marijuana, from the above named individuals and others yet unknown and the full nature and scope of the conspiracy involved therein;

4.    The dates, times, places, schemes and methods for the possession and distribution of a controlled substance, to wit: Cocaine, Methamphetamine, and/or Marijuana; the manner and means of delivering the controlled substances, the proceeds generated by the sale of such substances and the transportation, delivery, and distribution of such proceeds; and the identity of the participants in said illegal activities and the nature and scope of said illegal activities.  In addition, the communications are expected to constitute admissible evidence of the commission of the above mentioned offenses.

(c)    It has been adequately established that normal investigative procedures have

Order-Page 3

either been tried without success, reasonably appear unlikely to succeed if tried or are too dangerous to employ.

(d)     There is probable cause to believe that Sprint cellular telephone bearing (832) 594-5397, Electronic Serial Number ("ESN") 268435462503291316[2] (hereinafter referred to as the "**Target Device**"), and according to Sprint, is a prepaid phone subscribed to Carlos Martinez with no provided address, has been, is being, and will continue to be used by the **Target Subjects** in connection with the commission of the above-stated offenses.

**WHEREFORE**, it is hereby **ORDERED** that Special Agents of the Drug Enforcement Administration ("DEA"), other authorized law enforcement officers and any individual operating under contract with the government, acting under authorized supervision, pursuant to 18 U.S.C. § 2518(5), are authorized pursuant to application authorized by a duly designated official of the Criminal Division, United States Department of Justice pursuant to the power delegated to that official by special designation of the Attorney General of the United States under the authority vested in him by 18 U.S.C. § 2516 to intercept: (1) wire and electronic communications of the **Target Subjects** and others yet unknown concerning the above described offenses to and from the **Target Device**. The authorization given is intended to apply not only to the target telephone numbers listed above, but also to any other telephone numbers subsequently assigned to or used by the instruments bearing the same electronic serial numbers used by the target

---

[2] The Target Device is identified by means of an ESN.  Each ESN is unique to that subscribers account.

Order-Page 4

telephones, within the thirty (30) day period.  The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

Such interception authorized by this Order shall not automatically terminate when the type of communications described above have first been obtained, but shall continue until communications are intercepted which fully reveal the manner in which the **Target Subjects** and others yet unknown participate in the above described offenses, and which fully reveal the identities of their confederates, their places of operation and the nature of the conspiracy involved therein, or for a period not to exceed thirty (30) days beginning at the date of this Court's order, or ten (10) days from the date of this Court's order for the **Target Device**.

**PROVIDING ALSO THAT** Special Assistant United States Attorney Baylor Wortham or another Assistant United States Attorney working with him on this investigation, shall, following the date of this Order, provide this Court, or cause to be provided the Court, reports to be made on or about the sixteenth (16th), and thirty-first (31st) days following the earlier of the day on which the investigative or law enforcement officers or any individual operating under contract with the government pursuant to 18 U.S.C. § 2518(5) first begin the interception or ten (10) days from the date this Order is entered showing what progress has been made toward achievement of the authorized objective and the need for continued interception.  If any of the above scheduled reporting

Order-Page 5

days fall on a weekend or on a holiday, the next business day shall be the accepted reporting day.

**IT IS FURTHER ORDERED** that this Order be executed as soon as practicable after it is signed and that all monitoring of wire and electronic communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation, in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code. Monitoring of communications will terminate immediately if it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the **Target Subjects** or any of their confederates, when identified, are participants in the conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Spot monitoring of non-criminal conversations will be done to ensure that those conversations have not turned criminal in nature. In the event conversations occur in a language other than English, it is expected that an expert or person otherwise fluent in that language will be available to monitor and to translate during the interception whenever possible. In the event the translator/expert is not a federal agent, the translator, whether a language trained support employee or someone under contract with the Government, will be under the direct supervision of a federal agent.

Order-Page 6

If, however, such a translator is not reasonably available, the following after-the-fact minimization procedures have been established pursuant to 18 U.S.C. § 2518 (5): (1) All such foreign language conversations will be intercepted and recorded in their entirety; and (2) As soon as practicable after such interception, these conversations will be minimized by a translator under the guidance of a federal agent. Your Affiant believes this procedure, which provides for after-the-fact minimization where codes or foreign languages are used by the **Target Subjects**, and when there is no expert reasonably available to translate the conversation, complies with 18 U.S.C. § 2518(5), and its provisions for specialized minimization procedures, when intercepting foreign-language or coded conversations. It is anticipated that some of the communications will be spoken in the foreign language. Conversations will be minimized in accordance with Chapter 119 of Title 18, United States Code. These interceptions will also be minimized when it is determined, through voice identification, physical surveillance or otherwise, that neither the **Target Subjects**, nor their associates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. Even if one or more associates, when identified, is a participant in the conversation, monitoring will be minimized if the conversation is not criminal in nature or otherwise related to the offenses under investigation. It is understood that the agents will be permitted to spot check minimized conversations to determine whether the conversation has turned criminal in nature, and therefore, subject to interception. Each text message will be

Order-Page 7

reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the text message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in nature, the message will be marked, "minimized," and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked, "privileged," and secured from access by other members of the investigative team. If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked, "minimized," or, "privileged," it will not be disseminated to members of the investigative team. All intercepted text messages will be sealed with the Court upon the expiration of the Court's Order authorizing the interception. The interception of wire and electronic communications authorized by this Court's Order must terminate upon attainment of the authorized objectives or, in any event, for a period not to exceed thirty (30) days beginning at the date of this Court's order, or ten (10) days from the date of this Court's order for the **Target Device**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure, Sprint, and any other communication service providers, as defined in 18 U.S.C. § 2510(15) during the authorized period of the interception over the **Target Device**, shall assist agents of the Drug Enforcement Administration by providing all

Order-Page 8

information, facilities and technical assistance needed to ascertain the physical location of the **Target Device**, including but not limited to data indicating the specific latitude and longitude of (or other precise location information concerning) **Target Device** (the "Requested Location Information"),[3] for a period of thirty (30) days.

**IT IS FURTHER ORDERED** that Sprint shall disclose the Requested Location Information concerning the **Target Device**, and initiate a signal to determine the location of the **Target Device** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and shall furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the **Target Device**, at any time of day or night, owing to the potential need to locate the **Target Device** outside of daytime hours.

During the period of this Court's Order, the furnishing of such information, facilities and assistance by Sprint, and other communication service providers, shall be compensated for by the United States at the prevailing rate.

**IT IS FURTHER ORDERED** that the furnishing of said information, facilities, and technical assistance by Sprint shall terminate thirty days measured from the earlier of the day on which the investigative or law enforcement officers begin to conduct the

---

[3] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the Target Device at the start and end of any call.

Order-Page 9

interception of wire and electronic communications, pursuant to this Order or ten days from the date of the order is entered, unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that the warrant for the Requested Location Information be returned to the issuing judicial officer within 10 days after the termination of the execution of the order.

**IT IS FURTHER REQUESTED**, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize delay of notice of the acquisition of the Requested Location Information until such time as the inventory required under 18 U.S.C. § 2518(8)(d) is served.

**IT IS FURTHER ORDERED** that Sprint shall furnish the Drug Enforcement Administration such information, facilities and technical assistance necessary to accomplish the interception unobtrusively and with a minimum of interference with the service presently accorded persons whose communications are to be intercepted.

**IT IS FURTHER REQUESTED** that the Order authorizing the interception of wire and electronic communications applies not only to the target telephone numbers listed above, but also to any other telephone numbers subsequently assigned to or used by the instruments bearing the same electronic serial numbers used by the other target telephones, within the thirty (30) day period.  The authorization is also intended to apply to the target telephone numbers referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephones while the telephones are off the hook or otherwise in use.

Order-Page 10

**IT IS FURTHER REQUESTED** that based on the mobility of cellular telephones, in the event the target phone is used outside the territorial jurisdiction of this court, interceptions may continue in the Southern District of Texas where communications over the **Target Device** will first be heard, read, and minimized.

**IT IS FURTHER ORDERED** that reasonable expenses incurred through the furnishing of any such facilities or technical assistance by Sprint are to be compensated by the Drug Enforcement Administration and that the furnishing of said information, facilities and technical assistance shall terminate upon expiration of the aforementioned (30) day period, unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that no inventory or return of the results of the foregoing wire and electronic interception be required to be made, other than the above-required reports, before ninety (90) days from the date of the expiration of this Court's Order, or any extension of the Order, and further, that upon an ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

**IT IS FURTHER ORDERED** that the Court's Orders, the Application and its accompanying Affidavit and proposed Orders, and all interim reports filed with the Court with regard to this matter, be **SEALED** until further order of this Court, except that copies of the Orders, in full or redacted form, may be served on the Drug Enforcement Administration and the service providers as necessary to effectuate the Court's Order.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2),

Order-Page 11

2703(d), and 3121-3124 that AT&T, Sprint/Nextel Communications, Inc., American Telephone and Telegraph Company (AT&T), Boost Mobile, T-Mobile USA, Inc., Cellco Partners dba Verizon Wireless, Cricket Wirelss, Cingular Wireless, Voicestream Wireless, Sprint Spectrum Telephone Company (SPRINT), Sprint Spectrum PCS Wireless, Southwestern Bell Telephone Company, General Telephone Equipment Company (GTE), Metrocall, Western Wireless, STPCS Joint Venture, MCI (MCI ONE, MCI Worldcomm), GTE Wireless, Air Touch Cellular, Max Tel Communications, Pacific Bell, Bell Atlantic, Nevada Bell, Verizon Wireless, Verizon of Texas, Alltel Telephone Company, Cricket Wireless, Vonage Wireless, and any other person or entity providing electronic communications service in the United States whose assistance may facilitate the execution of the order, be ordered to supply the following subscriber information: (A) name; (B) address; (C) local and long distance telephone connection records, or records of session times and durations; (D) length of service (including start date) and types of service utilized; (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and (F) means and source of payment for such service (including any credit card or bank account number) of a subscriber to or customer of a wire or electronic communication service or remote computing service, for published, non-published, or unlisted dialing, routing, addressing, or signaling information captured during the interception of wire and electronic communications on the **Target Device** upon oral or written demand by agents of the DEA.

**IT IS FURTHER ORDERED**, pursuant to 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), 2703(d), and 3121-3124 that the wireless carriers shall provide the location of cell site/sector (physical address) at call origination (for outbound calling), call termination (for incoming calls), and, if reasonably available, during the process of a call for the **Target Device** pursuant to 18 U.S.C. §§ 3121-3124.  The Court finds that the government has offered specific and articulable facts showing that there are reasonable grounds to believe that that the information likely to be obtained is relevant and material to an ongoing criminal investigation.

**IT IS FURTHER ORDERED** that Sprint, and their agents and employees, are not to disclose or cause a disclosure of the contents of this Order, the request for information, facilities, or assistance, or the existence of this investigation to anyone other than those persons necessary to carry out the Order until authorized to do so by the Court.   In particular, said providers and their agents and employees are ordered not to make such disclosure to any lessee, telephone subscriber, or any interceptee or participant in the intercepted communication.

DONE at Houston, Texas, on this ⅃⑰day of July, 2014.


HON. VANESSA GILMORE
United States District Judge
Southern District of Texas

TRUE COPY I CERTIFY
ATTEST:
Clerk of Court
By
Deputy Clerk

Order-Page 13